JOHN T. CROMEANS *v.* STATE

5256                                    414 S. W. 2d 399

Opinion delivered May 1, 1967
[Rehearing denied May 29, 1967.]

*William W. Green,* for appellant.

*Joe Purcell,* Attorney General, *Don Langston,* Asst. Atty. General, for appellee.

PAUL WARD, Justice. This appeal comes to us under Criminal Procedure Rule No. 1. The background facts are summarized below.

On November 16, 1965 John T. Cromeans (appellant) was arrested in Arkadelphia on information that, while drunk and driving a stolen automobile, he had a collision with another car and killed a woman. Appellant was

placed in jail and later taken before a magistrate. Upon pleading guilty and waiving a hearing, he was bound over to the grand jury on a charge of first degree murder. About a week later an information was filed charging appellant with murder in second degree. Upon arraignment he pleaded guilty as charged and was sentenced to seven years in the penitentiary, the last two years being suspended on good behavior.

On April 4, 1966 appellant filed a habeas corpus proceeding in the Garland County Circuit Court, claiming his constitutional rights had been violated, and asking for a new trial. This petition was later withdrawn and on October 11, 1966 another petition was filed. In this petition appellant alleged:

1. He had a preliminary hearing without benefit of counsel.

2. He was threatened with twenty-one years in the penitentiary if he did not plead guilty.

3. He was sentenced to seven years (two years suspended) without counsel.

A somewhat lengthy hearing was held before the Circuit Judge on appellant's petition. In denying the petition the court made a written finding of facts and law.

We have carefully read the record of the proceedings on appellant's petition and also the findings of the court and have concluded, for reasons hereafter set out, that appellant's constitutional rights have not been violated.

*One.* We find that when appellant was arrested he was allowed to communicate freely with an attorney of his own choosing. The same is true at the time of his arraignment, when he entered a plea of guilty. It is true that his attorney was not present when the plea was made, and

this is assigned as error under the holdings in *Hamilton* v. *Alabama*, 368 U. S. and *Smith* v. *State*, 401 S. W. 2d 749. These cases are not in point here because they deal with a jury trial. When appellant here pleaded guilty and waived a hearing he acted on advice of counsel. This is not denied. There is no contention here that appellant made any incriminating statement at the preliminary hearing.

*Two.* It is argued by appellant (although not raised in the petition) that the offense which he committed did not constitute second degree murder. The trial court held otherwise and we cannot say it was error.

Rule No. 1 does not contemplate a trial *de novo,* and none was had in this instance. Therefore we have no way of knowing what criminal acts appellant may have committed. When he pleaded guilty he chose not to raise that issue. The only question before us is whether appellant's constitutional rights were violated when he so pleaded after consulting with his attorney.

*Three.* We find no merit in appellant's contention that he did not "knowingly and understandingly" waive counsel when he pleaded guilty. Appellant was approximately fifty years old, he had finished the ninth grade in school, and he had previously been in court on criminal charges. There is nothing in the record to show he possessed any mental deficiencies.

*Fourth.* At the hearing below (on appellant's petition) a letter written by appellant was allowed to be introduced in evidence, and this is assigned as reversible error. We cannot agree. It appears that the letter was relevant to test the credibility of appellant. In any event, we find nothing in the letter which was prejudicial to appellant, and no such prejudice is pointed out by appellant.

Failing to find that any of appellant's constitutional

rights—the right to counsel and the right not to be mistreated or coerced—have been violated, the judgment of the trial court must be, and it is hereby, affirmed.

BYRD, J., dissents.