JOSEPH CROSS *v.* STATE OF ARKANSAS

5480                                452 S. W. 2d 854

Opinion delivered April 20, 1970

554

*Thomas R. Newman,* for appellant.

*Joe Purcell,* Attorney General; *Mike Wilson,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This case involves the matter of plea bargaining in criminal prosecutions. Over a period of years there has developed a widespread practice by which an accused person and his counsel negotiate with the prosecuting attorney for a recommendation of leniency in return for a plea of guilty to the offense charged or to a lesser offense. Despite the prevalence of the practice, which has certainly become a substantial factor in the administration of criminal justice, this is the first case on the subject to reach this court in a good many years.

The appellant, Joseph Cross, was charged with first-degree rape, to which he pleaded not guilty. The prosecutrix was the accused's stepdaughter, apparently just four days under sixteen years of age on the date of the offense. By the process of plea bargaining it was agreed between the prosecution and the defense that Cross would plead guilty to third-degree rape in exchange for a recommendation that the court suspend all except two years of the maximum sentence of ten years confinement in the penitentiary.

The change of plea was presented to the trial judge on August 12, 1969. That proceeding was stenographically reported. The court meticulously explained to the accused practically all his rights, but, manifestly by oversight, the judge wholly failed to explain that

he was not bound by recommendations for leniency. At the end of the hearing the judge accepted the plea of guilty to the lesser offense but postponed for a few days the determination of the sentence, explaining that he had not studied the report of the accused's criminal record.

On August 15 the accused and his counsel appeared before the court for the imposition of the sentence. The judge gave his reasons for not following the recommendation that eight of the ten years confinement be suspended. Instead, the court suspended only four of the ten years, so that the period of confinement was three times as long as the accused and his counsel had bargained for.

Defense counsel at once called the court's attention to the parties' understanding about the plea of guilty. Counsel also asked for time to brief the law with respect to the accused's right to withdraw his plea of guilty. The judge, in denying that request, stated (quite erroneously, as far as the record shows) that he had made it clear at the earlier hearing that he would not be bound by the recommendation for leniency. A motion for a new trial and a companion motion were filed and overruled within a day. It was therein stated, without contradiction, that the State had agreed that the accused might withdraw his plea of guilty if the court did not accept the parties' recommended sentence. (We do not imply that the State's agreement would be binding on the trial court.)

Upon the facts of this case we have no doubt that the trial court's action should be set aside. Plea bargaining was discussed in a recent Arkansas Law Review casenote, where this summation of the basic principles appears:

> Where the defendant enters a plea of guilty in anticipation of a lighter sentence recommended by the state, and where the court has forewarned the defendant that it was not necessarily bound by the

state's recommendation, it has been held that the court did not exert prejudicial surprise when it meted out a heavier sentence. Thus, the mere fact that an accused, knowing his rights and the consequences of his act of pleading guilty, hoped or believed that he would receive a shorter sentence, a milder punishment, or some like favor by entering a plea of guilty, presents no ground for the withdrawal of the guilty plea. But . . . courts have also indicated that there is a counter-vailing legal principle—that the refusal to grant leave for a change of pleas from guilty to not guilty will be ruled an abuse of the trial court's discretion when it appears that the plea of guilty was based on a misapprehension of the facts or of the law, or in consequence of · a misrepresentation by his own attorney, or the state's attorney, or someone else in authority. [Casenote, 23 Ark. L. Rev. 281 (1969).]

Substantially the same point of view was expressed by this court sixty years ago in *Joiner* v. *State,* 94 Ark. 198, 126 S. W. 723 (1910).

Here the record wholly fails to show that the accused was forewarned by his own attorney, by the prosecutor, or by the court, that the bargain reached by the lawyers would not necessarily be given effect by the court. Thus the record indicates that the accused may have changed his plea to guilty under a misunderstanding about the law. We therefore set aside the sentence and remand the cause with directions that the accused be allowed to withdraw his plea of guilty.

Reversed.