JAMES E. BRADSHAW *v.* STATE OF ARKANSAS

5547                                          464 S. W. 2d 614

Opinion delivered March 15, 1971

*David C. Shelton,* for appellant.

*Ray H. Thornton, Jr.,* Attorney General; *John D. Bridgeforth & Ken Stoll,* Asst. Attys. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In July of 1969 the appellant pleaded guilty to four charges of uttering forged checks and was sentenced to eight years imprisonment upon each charge, the sentences to run concurrently.

Thereafter he filed a petition for postconviction relief under Criminal Procedure Rule 1, asserting that his pleas of guilty were induced by coercion. This appeal is from the circuit court's denial of the petition, after an evidentiary hearing.

Bradshaw testified that while he was in jail awaiting trial he was beaten and his head was shaved, on orders given by the sheriff. That testimony was disputed by the State's witnesses, who stated that the heads of all the inmates of the jail were shaved as a measure necessary to combat an infestation of lice with which one prisoner was afflicted. According to those witnesses, the only force used was that necessary to overcome Bradshaw's resistance. The evidence is amply sufficient to support the trial court's finding of fact against the petitioner upon this point.

Bradshaw's pleas of guilty were the result of negotiations between his attorney and the prosecuting attorney's office. See Cross v. State, 248 Ark. 553, 452 S. W. 2d 854 (1970). The State first tried to persuade Bradshaw to accept a sentence of twenty years, but he refused. Eventually the parties agreed upon a recommended sentence of eight years, which the court imposed.

Bradshaw now contends that his pleas were coerced, because during the negotiations the deputy prosecuting attorney made the statement that he could obtain a sentence of 47 years under the habitual criminal statute. We find no proof of coercion. Bradshaw admittedly had four previous felony convictions; so under the habitual criminal act he could have been sentenced to as much as one and a half times the maximum penalty for each offense. Ark. Stat. Ann. § 43-2328 (Supp. 1969). Since the maximum sentence for uttering a forged check is ten years, Ark. Stat. Ann. § 41-1805 (Repl. 1964), Bradshaw could have received a sentence of fifteen years upon each charge, or a total of sixty years imprisonment. That a plea of guilty is induced by the possibility of the prisoner's receiving a more severe sentence does not establish coercion. Brady v. United States, 397 U. S. 742 (1970).

Moreover, it must be borne in mind that the parties were negotiating. Some reference to the possible minimum and maximum sentences is obviously pertinent, perhaps even essential, to the negotiating process; so it cannot reasonably be said that such a reference is coercive.

The appellant also complains that he was unable to make a bond in the amount set by the court, and consequently he was held in jail for nine months before he pleaded guilty and was sentenced. If the amount of the bond was unreasonable that issue could have been reviewed in this court. *Parnell* v. *State*, 206 Ark. 652, 176 S. W. 2d 902 (1944); *Ex parte Osborn*, 24 Ark. 185 (1866). Furthermore, there is no proof in the present record that the bond was fixed in an amount that was excessive in the circumstances.

Bradshaw also complains of the fact that the officers took $505 that he had when he was arrested and returned it to the persons who had been defrauded. Bradshaw testified, however, that he had defrauded the persons and wanted to give the money back to them; so he is not in a position to complain about his wishes having been carried out. We are not impressed by the implied suggestion that a thief has a constitutional right to use the stolen funds to make bail when he is charged with the offense.

No error appearing, the judgment is affirmed.

FOGLEMAN, J., not participating.