444

KENNETH RIMMER *v.* STATE OF ARKANSAS

5644                                              472 S.W. 2d 939

Opinion delivered November 22, 1971

*L. K. Collier,* for appellant.

*Ray Thornton,* Attorney General, for appellee.

GEORGE ROSE SMITH, Justice. On October 3, 1960, the appellant pleaded not guilty to two charges of forgery, and an attorney was appointed for him. One week later the appellant, with the advice of counsel, changed his plea to guilty and was sentenced to imprisonment for two years upon each charge. The sentences have not yet been completely served, owing to a parole and to other convictions in Arkansas and Michigan.

This appeal is from an order denying postconviction relief under Criminal Procedure Rule 1. In his petition the appellant asserted as grounds for relief that the officers had arrested and searched him without a warrant or probable cause and that he was not informed of his right to counsel at the time of his arrest.

We find no merit in either contention. The plea of guilty, which is not shown to have been coerced, had the effect of waiving defenses that might otherwise have been interposed. *McMann* v. *Richardson,* 397 U. S. 759 (1970); *Brady* v. *United States,* 397 U. S. 742 (1970). The

petitioner's asserted right to be provided with counsel at the time of his arrest arises from the Supreme Court's holdings in *Escobedo* v. *Illinois,* 378 U. S. 478 (1964), and *Miranda* v. *Arizona,* 384 U. S. 436 (1966), but the court has explicitly held that those two decisions are not to be applied retroactively. *Johnson* v. *New Jersey,* 384 U. S. 719 (1966). Since the petitioner's arrest occurred some years before either *Escobedo* or *Miranda* was decided, we find no violation of his constitutional rights in this case.

Affirmed.

FOGLEMAN, J. not participating.