## FRANKIE JOE TODD *v.* STATE OF ARKANSAS

5782                                         485 S.W. 2d 533

### Opinion Delivered October 16, 1972

*Charles L. Honey,* for appellant.

*Ray Thornton,* Atty. Gen., by: *John D. Bridgforth,* Asst. Atty. Gen., for appellees.

FRANK HOLT, Justice.   Appellant pleaded guilty to the crime of second degree murder and was sentenced to 15 years in the state penitentiary with three years

suspended. Subsequently, the trial court accorded him an evidentiary hearing based upon his allegations that the sentence was imposed in violation of his constitutional rights. This appeal results from a denial of his Rule 1 petition.

Appellant first contends for reversal that it was prejudicial error to permit a deputy prosecuting attorney to testify for the appellee-state at the evidentiary hearing. This witness testified that, before he became a prosecuting official, he represented appellant by court appointment at his arraignment. At this time he advised appellant about his rights and explained to him the possible penalty and parole eligibility. The attorney, also, conveyed to appellant the state's offer on a "plea bargain" basis which was a five year sentence with three years suspended. Appellant declined the state's offer. Thereupon, the attorney interposed for appellant a plea of not guilty. This attorney had no further contact with appellant. Subsequently, appellant made bail and retained his own trial counsel. We are of the view that appellant has not demonstrated that his rights were prejudiced in any manner by this limited testimony of his court appointed counsel. Furthermore, since there was no objection to the testimony of this witness, the appellant is precluded from raising this contention for the first time on appeal. *Ford* v. *State*, 253 Ark. 5, 484 S.W. 2d 90 (1972). See, also, 31 A.L.R. 3d 953 § 16.

Appellant next contends that his plea of guilty was involuntary. This assertion appears to be based upon the argument that when appellant appeared in court he observed a jury in the court room which he thought was impaneled to try him on the alleged offense or for the higher offense of first degree murder which he understood might be brought against him. There was evidence adduced by the state that no jury was present at the time the appellant entered his plea of guilty. He admits his retained counsel represented him during the plea proceedings. Appellant has not demonstrated that his plea was induced by threats which would deprive it of the character of a voluntary act. *Bradshaw* v. *State*, 250 Ark. 135, 464 S. W. 2d 614 (1971), *Machibroda* v. *U.S.*, 368 U.S. 487 (1962).

Appellant, also, asserts through his court appointed appellate counsel that the plea bargaining conducted in his behalf was unconstitutional because it was done under the constant threat of amending the charge of second degree murder to first degree murder which, therefore, constituted coercion. Appellant's guilty plea was the result of prolonged negotiations between his retained counsel and the prosecuting attorney. There is testimony to the effect that as a result of further investigation the prosecuting attorney felt he could justify amending the charge to first degree murder for which appellant could have received at least life imprisonment. Ark. Stat. Ann. (1964 Repl.) § 41-2227. A plea of guilty even if induced by the possibility of a more severe sentence does not establish coercion. *Bradshaw* v. *State, supra, Brady* v. *U.S.,* 397 U.S. 742 (1970). Furthermore, a negotiated plea is recognized with approval in the administration of our criminal laws. *Meyers* v. *State,* 252 Ark. 367, 479 S.W. 2d 238 (1972). In the case at bar, the appellant, a former inmate of the penitentiary, is an adult with a highschool education. His retained counsel testified that after full disclosure of the state's evidence to him, he consulted with appellant on numerous occasions and advised him of the state's recommendation of a 15 year sentence with three years suspended. To his knowledge, the appellant was never threatened with the prosecution of a greater offense. The appellant voluntarily expressed the desire to plead guilty after a full explanation to him of his rights and a discussion of the evidence. He testified that appellant intelligently discussed and understood the various penalties for homicide as well as parole eligibility requirements. Furthermore, the court, as customary, accepted the appellant's plea of guilty after interrogation of appellant. A transcript of the plea proceedings reflects that in response to the court's inquiry as to his guilt or innocense, appellant personally answered "guilty." Further, the court inquired if he was familiar with "meritorious good time" and "statutory good time," to which appellant replied affirmatively. Also, appellant stated to the trial court "I had originally asked for three days before I went to the pen and will go on and go now."

We are of the view the evidence is amply sufficient

to sustain the trial court's finding that there was no infringement upon appellant's constitutional rights at the time he pleaded guilty to the alleged offense. It appears the plea negotiations were fairly and understandingly conducted.

Affirmed.