PATRICK ANTHONY KEATING *v.* STATE OF ARKANSAS

CR 73-126                                501 S.W. 2d 607

Opinion delivered December 3, 1973

*Elbert S. Johnson,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *James W. Atkins,* Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. This is an appeal by Patrick Anthony Keating from a circuit court order denying

post-conviction relief under our Criminal Procedure Rule 1. Keating was charged, on informations filed by the prosecuting attorney, with two separate counts of burglary and grand larceny committed on May 30, 1970, and on June 4, 1970. He was apprehended in the state of Missouri and, after waiving extradition, was returned to Arkansas on June 8, 1970, at which time the informations were filed against him. His case was set for jury trial on November 9, 1970, at which time Keating, with the assistance of counsel, entered pleas of guilty to both counts and sentencing was deferred at the request of his counsel until November 13, 1970. On that date the trial court entered judgment sentencing Keating to ten years in the penitentiary on one of the counts with that sentence suspended. Keating was sentenced to five years in the penitentiary on the other count with that sentence to be served. Keating did not appeal from his judgments of conviction but on May 31, 1973, he filed his own handwritten petition for post-conviction relief on the grounds that he was not given a preliminary hearing and that he should have been charged or released within 72 hours following his arrest.

The record before us indicates that the pleas of guilty and penalties assessed were the result of plea bargaining; that the prosecuting attorney recommended the suspended sentence on the one charge and the five years to be served on the other charge and that Keating and his attorney acquiesced in the recommendations. The trial court announced that he would follow the recommendations made by the prosecuting attorney and then pronounced the sentences on Keating as above stated.

In his brief on this appeal Keating recognizes that under Ark. Stat. Ann. § 43-806 (Repl. 1964) the prosecuting attorney may file information direct and a preliminary hearing is not required. No evidentiary hearing was had on the petition for post-conviction relief but the trial court denied the petition on the basis of the petition and the original record preserved at the time the pleas of guilty were entered and sentences imposed.

Paragraph (C) of our Criminal Procedure Rule 1 provides as follows:

"If the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files or records that are relied upon to sustain the court's findings."

The trial court did, in its final order denying the petition, set out its findings from the record that Keating was arrested in the state of Missouri on June 4, 1970; that he waived extradition and was returned to the state of Arkansas on June 8 and was properly informed against directly on June 8, 1970; that bond was set on that day; that Keating failed to make bond and on November 13, 1970, in person and with his attorney, Keating entered pleas of guilty and the sentences were imposed.

Keating now argues on this appeal that the sentence of five years to be served, was too severe for the crime involved. Of course, where a sentence is in excess of the maximum authorized by law, a prisoner would be entitled to relief under Section (A) (c) of our Criminal Procedure Rule 1, but that is not the situation in the case at bar. The record before the trial court revealed that at the trial on November 9, 1970, the court asked the following questions and received the following answers from Keating:

"COURT: You have talked to your Court appointed counsel about each of these crimes of Burglary and Grand Larceny?

DEFENDANT: I did.

COURT: You understand the punishment for them?

DEFENDANT: Yes, sir."

The trial court in pronouncing the sentences inquired directly from Mr. Keating whether he understood what

good behavior meant and Keating replied that he did. The court then inquired whether Keating understood the sentences and Mr. Keating replied that he did.

The statutory penalty for burglary is fixed at not less than two nor more than 21 years. Ark. Stat. Ann § 41-1003 (Repl. 1964). The statutory penalty for grand larceny is fixed at not less than one nor more than 21 years. Ark. Stat. Ann. § 41-3907 (Repl. 1964). The penalties fixed by the court in the case at bar were well within the statute and are not subject to attack under our Rule 1, *Credit* v. *State*, 247 Ark. 424, 445 S.W.2d 718, especially when it is raised for the first time on appeal. *Bailey* v. *State*, 254 Ark. 628, 495 S.W. 2d 150.

The judgment is affirmed.

FOGLEMAN, J., not participating.