James IRONS *v.* STATE of Arkansas

CR 79-179                                          591 S.W. 2d 650

Opinion delivered January 7, 1980

470

*Thomas L. Cashion,* for appellant.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Chief Justice. We are tremendously handicapped in our review of this appeal from the denial of appellant's petition for post-conviction relief under Rule 37 of the Rules of Criminal Procedure by the mysterious abandonment of virtually all the grounds of the petition on appeal. The only point for reversal is: "The Court erred in not setting aside the verdict because the record does not show where an attorney was ever appointed for the defendant."

This point might be summarily disposed of because the record clearly shows that an attorney was appointed for appellant more than a year before he entered the plea of guilty. The argument in appellant's brief does not appear to be consistent with the statement of the point. The entire argument is as follows:

> Appellant only has one argument and that is that he does not remember anything that allegedly happened. That he was intoxicated and cannot remember when in an intoxicated state. The record does not indicate that he was advised of his rights or properly appointed attorney.

> Appellant states further that for the reasons set out above that the sentence be vacated and that he be released from his present confinement.

The scope of the argument is broader than the point stated. This argument could properly be disposed of under the rule of *Dixon* v. *State,* 260 Ark. 857, 545 S.W. 2d 606. Instead, we have reviewed the record as abstracted and find reversible error.

Appellant was sentenced to 15 years on July 18, 1978, upon his plea of guilty to a charge of raping his daughter, then 12 years of age, on April 7, 1977. This plea was entered after observation of appellant at the Southeast Arkansas Mental Health Clinic, and several continuances of his trial. The clinic had reported that appellant was without psychosis, appeared to understand the charges against him, and seemed to be responsible for his actions at the time of the report.

Appellant's motion under Rule 37 was filed February 26, 1979. Appellant alleged that:

> 1.  He was questioned at length on several different occasions without an attorney present to represent him during all phases of the interrogation period.

> 2.  He was represented by an appointed attorney, who made no effort to defend him, but threatened him

with an excessive sentence should he desire a jury trial.

3. He was arrested without a warrant.

4. He was denied a preliminary hearing.

5. The prosecuting attorney presented false statements before the court.

Since appellant entered a plea of guilty, he is precluded from raising a defense on this appeal. *Thacker* v. *Urban,* 246 Ark. 956, 440 S.W. 2d 553; *Cromeans* v. *State,* 242 Ark. 464, 414 S.W. 2d 399. The matter of his intoxication was not a matter properly to be considered on a petition for post-conviction relief. This relief is not available to one who could have raised the issue asserted on collateral attack in the trial court before sentencing, but did not. *Coleman* v. *State,* 257 Ark. 538, 518 S.W. 2d 487. For the same reason, the question of the voluntariness of his pretrial confession is not itself a basis for post-conviction relief. These matters are significant only in relation to the charge of ineffective assistance of counsel. The alleged denial of a preliminary hearing and the alleged falsity of the statements of the prosecuting attorney fall into the same category. See *Keating* v. *State,* 255 Ark. 638, 501 S.W. 2d 607.

When there is a collateral attack on a plea of guilty, rendered upon advice of counsel, the inquiry is not addressed to the merits of claims of constitutional deprivation prior to the entry of the plea, but it is focused upon the question whether the plea had been made intelligently and voluntarily upon advice of counsel. Such deprivations are pertinent only in evaluating the advice rendered by counsel. *Horn* v. *State,* 254 Ark. 651, 495 S.W. 2d 152. If appellant's plea of guilty was entered voluntarily and was not the result of ineffective assistance of counsel, any other possible defenses, except for jurisdictional defects, were waived by him. *Horn* v. *State,* supra; *Rimmer* v. *State,* 251 Ark. 444, 472 S.W. 2d 939; *Wilson* v. *State,* 251 Ark. 900, 475 S.W. 2d 543. His petition does not assert any jurisdictional defects.

Our inquiry is confined, then, to the question whether

the plea of guilty was voluntary and not the result of ineffective assistance of counsel. We begin with the presumption that counsel was competent. *Horn* v. *State,* supra. We might also infer that the alleged "threats" of counsel that, if appellant went to trial, he would get a sentence of more than 50 years and it would tear up appellant's family, do not show ineffective assistance of counsel, because, if there was sufficient evidence to show that he committed the crime with which he was charged, such a sentence would not be an unlikely one, and "tearing up a family" would not be an unusual consequence.

Appellant's allegations did entitle him to the hearing he was accorded on the question of ineffective assistance of counsel. *Cullens* v. *State,* 252 Ark. 995, 482 S.W. 2d 95. The burden of proving his allegations rested upon petitioner. The trial court held that he failed to meet that burden. In order to overturn that holding, we would have to find that it is clearly against the preponderance of the evidence. *Porter* v. *State,* 264 Ark. 272, 570 S.W. 2d 615.

Appellant testified that his appointed attorney, David Powell, visited him in jail a couple of times, and that he had contacted his attorney during the eleven months he was at liberty on bond awaiting trial. He said that the attorney did not go over the case with him because there was nothing to go over and because appellant was stuck with a false statement, which Irons denied having made to the investigating officers. He stated that Powell did not want to hear anything about the statement and only wanted to hear about the case. He said that he told Powell that he knew nothing about the charge and that he had been drunk and was on the floor when he was awakened at about 2:30 a.m. on the date of the alleged rape.

Irons testified that he had made this incriminating statement after he had several times requested and been denied an attorney both before answering any questions and while being questioned. He said that he made this incriminating statement upon the understanding that he would be sent to the state mental hospital for help he needed in connection with his drinking, and that this statement, prepared by an

officer, would help in getting him admitted. The statement Irons signed related that he was intoxicated at the time of the alleged occurrence and didn't remember what had happened; that he did remember having picked up his children at his brother's house and having played dominoes and eaten some eggs with them, after which he sent all of them except Gloria to the front room and sent her to the bedroom, where he later went, pulled off her panties and laid down and tried to have intercourse with her, but did not know whether he did or not; and that he then told Gloria to go take a bath, but remembered nothing after that until his wife awakened him at about 2:00 a.m. At that time, his pants were unzipped but his belt was still fastened.

The record in this case does not reflect any compliance with Rule 24.5, Arkansas Rules of Criminal Procedure; *Boykin* v. *Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); and *Byler* v. *State,* 257 Ark. 15, 513 S.W. 2d 801. This rule, and the cases cited, require that the trial judge ascertain whether a plea of guilty is voluntary. There is no constitutional requirement that the trial judge make the explanations of the right to jury trial and of the maximum possible sentence required by *Boykin,* and a silent record does not require automatic reversal, if it be proved at a post-conviction evidentiary hearing that the plea was voluntarily and intelligently made. *Smith* v. *State,* 264 Ark. 329, 571 S.W. 2d 591. On the record before us, under the holding in *Smith,* the question is whether the plea was intelligently and voluntarily made. The burden, which would otherwise have been on appellant, fell upon the state at the post-conviction hearing as to the plea of guilty, in view of the absence of any record of the proceeding when the plea of guilty was entered. The key question on a record like this is whether the deficiencies in the proceedings were supplied by the record made at the post-conviction hearing. *Byler* v. *State,* supra. The findings of the trial court would so indicate.

We are unable to find an appropriate basis for the trial court's findings. The record, as abstracted by appellant's attorney, shows that a hearing on a motion to suppress appellant's statements as involuntary was set, but no dispo-

sition of that motion is shown by the record. The attorney who represented Irons did not testify. Appellant's testimony stood uncontradicted. He said that he told his attorney he would not enter a plea of guilty, and that he did not plead guilty of his own free will, but did so because his attorney told him if he went to trial they would tear his family up and he would get 50 years, because "they" wanted him to plead guilty. He also testified that, when he appeared before the judge for the entry of a plea, he told the judge he was not guilty, but that he would take the 15 years the state had offered to recommend. When the judge refused to accept that plea, Irons said that he said, "Well, I'm not guilty, but I plead guilty and take the fifteen" and that this was the way the plea went down. He stated that he was not satisfied with his attorney, and that he thought he had gotten a bad deal from the law officers. Irons said that he had never been in court before.

It may well be that a proper plea agreement, advantageous to Irons, had been entered into, and properly carried into effect, but the record does not so disclose. It was mandatory that the trial court determine whether the plea was the result of a plea agreement, require that the agreement be stated, and, if the judge had not previously concurred in the agreement, advise the defendant that the agreement was not binding on the trial court and that the disposition, if the plea was entered, might be different from that contemplated by the agreement. *McGee* v. *State,* 262 Ark. 473, 557 S.W. 2d 885. It was also mandatory that the trial judge determine whether there was a factual basis for the plea. Rule 24.6, Arkansas Rules of Criminal Procedure.

It may well be that there was full compliance with all the requirements essential to sustain the plea of guilty. We do not hesitate to say that all deficiencies in the record of the plea proceedings might have been corrected by evidence of compliance presented at the Rule 37 hearing. But the state totally failed to make the necessary showing. The prosecuting attorney did not resist appellant's request for a jury trial and left the matter with the court. We cannot, on the record made in the trial court, justify affirming this judgment, in spite of the unsatisfactory presentation of the matter on

behalf of appellant. So far as this record discloses, the assistance of appellant's appointed trial counsel was ineffective and appellant's plea of guilty was not intelligently and voluntarily made.

The judgment of the trial court is reversed and the cause remanded with directions to set aside the sentence imposed and the judgment of conviction, and for further proceedings on the charge against appellant.

STROUD and MAYS, JJ., not participating.