Odis Donnell THOMAS *v*. STATE of Arkansas

CR 82-70                                    639 S.W.2d 353

Supreme Court of Arkansas
Opinion delivered September 27, 1982

*Robert B. Wellenberger,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant pleaded guilty to a charge of rape and was sentenced to 30 years in prison. He then filed a Rule 37 petition for post-conviction relief alleging ineffective assistance of counsel and failure of the trial court to inquire into the factual basis of the plea. The trial court denied post-conviction relief and we affirm. Jurisdiction is in this court pursuant to Rule 29 (1) (e).

On November 28, 1979, appellant was arrested. Late that afternoon he gave a statement in which he said, "I asked her . . . [to have consensual intercourse] and she started laughing. We laid down on the floor, she pulled her pants off and I showed her the knife. I was on my knees, I laid over on her and put it in, she kept saying don't hurt me and I told her I wouldn't hurt her. I stayed on her for about 10 minutes. When I got through I stood up and waited until she put her clothes on. . . ." The next day the information was filed, formal arraignment was held which included a full explanation of the charge and a detailed description of appellant's rights, an attorney was appointed and a plea of not guilty was entered. The attorney, the appellant, his mother and his step-father examined and discussed the contents of the prosecutor's file, which included written statements from the victim, the appellant and appellant's next-door neighbor.

On December 6, 1979, a week after the formal arraignment and the plea of not guilty, appellant and his attorney appeared before the court and entered a plea of guilty. Again the judge asked appellant if he understood the charge and asked whether he had discussed the case in detail with his attorney and whether he was satisfied with his attorney's services. He responded affirmatively to each question. The judge asked if the appellant had been threatened, mistreated or promised anything for his plea of guilt. He answered,

"No, sir." The judge then repeated the explanation of the minimum and maximum penalty, appellant's right to a jury trial, his right to subpoena and cross-examine witnesses and the burden of proof and the requirement of a unanimous twelve member jury verdict for a finding of guilt. The appellant stated he understood and did not want a jury trial. Appellant was again told of the 30-year sentence to be recommended by the Prosecuting Attorney and he repeated the sentence to be recommended to the judge. When again asked for his plea, appellant responded, "Well, I'm not guilty, though, but I'm going to plead guilty to it." The court responded, "No, sir. I can't accept that. You are either guilty or not guilty." Appellant then stated that he was guilty.

Appellant contends that his plea was involuntary for two reasons: first, he was denied effective assistance of counsel and second, counsel coerced him into pleading guilty.

The issue, as in the recent case *Williams* v. *State,* 273 Ark. 371, 620 S.W.2d 277 (1981), is whether the guilty plea was entered intelligently and voluntarily and with the advice of competent counsel. In *Williams,* we stated that appellant has the burden of showing that the advice he received from his attorneys was not within the range of competence demanded from lawyers in criminal cases. *Horn* v. *State,* 254 Ark. 651, 495 S.W.2d 152 (1973). In addition, this Court has often stated that there is a presumption that counsel was competent. *See, e.g., Rightmire* v. *State,* 275 Ark. 24, 627 S.W.2d 10 (1982); *Hoover* v. *State,* 270 Ark. 978, 606 S.W.2d 749 (1980); *Irons* v. *State,* 267 Ark. 469, 591 S.W.2d 650 (1980); *Davis* v. *State,* 267 Ark. 507, 592 S.W.2d 118 (1980). In view of this presumption, appellant's burden is a heavy one. *Rightmire* v. *State, supra.*

We will reverse the denial of post-conviction relief only if the findings of the lower court are clearly against the preponderance of the evidence. *Williams* v. *State, supra.* Thus, the question to be resolved is whether the trial court's findings were clearly against the preponderance of the evidence.

Appellant's contention that he was denied effective assistance of counsel is a two-pronged allegation: first, his attorney failed to properly investigate his case and second, the attorney failed to properly prepare a defense.

Appellant's first argument on ineffective assistance of counsel is that his attorney failed to properly investigate an alibi defense. However, in view of the fact that appellant's statement admitted sexual intercourse with the prosecutrix at the time and place alleged, it was obvious that the only issue was forcible compulsion, and there simply was no need for the attorney to investigate a ludicrous alibi defense.

Appellant also contends that counsel was ineffective in not pursuing an insanity defense. The attorney testified that he explained the defense of insanity to appellant and offered to file a motion seeking to have appellant examined by the Arkansas State Hospital but appellant chose to plead guilty. The attorney had observed the defendant during lengthy periods of consultation and thought appellant was coherent and knew the difference between right and wrong. The trial judge ordered a psychiatric evaluation of appellant on September 23, 1980, in preparation for the hearing for post-conviction relief. The examining psychiatrist concluded from his examination that appellant "was probably not suffering from mental disease or defect of such degree as to make him unable to appreciate the criminality of his conduct or to conform his conduct to the law at the time of the alleged offense." There was sufficient evidence in the record for the trial judge to conclude that the failure to pursue an insanity defense did not amount to ineffective assistance of counsel. The findings of the trial court are not clearly against the preponderance of the evidence.

Appellant also alleges that his plea of guilt was based on an involuntary confession. In *Irons* v. *State*, 267 Ark. 469, 591 S.W.2d 650 (1980), we stated:

When there is a collateral attack on a plea of guilty, rendered upon advice of counsel, the inquiry is not addressed to the merits of claims of constitutional deprivation prior to the entry of the plea, but it is

focused upon the question whether the plea had been made intelligently and voluntarily upon advice of counsel. Such deprivations are pertinent only in evaluating the advice rendered by counsel. *Horn* v. *State*, 254 Ark. 651, 495 S.W.2d 152. If the appellant's plea of guilty was entered voluntarily and was not the result of ineffective assistance of counsel, any other possible defenses, except for jurisdictional defects, were waived by him. *Horn* v. *State, supra; Rimmer* v. *State*, 251 Ark. 444, 472 S.W.2d 939; *Wilson* v. *State*, 251 Ark. 900, 475 S.W.2d 543. . . .

*Id.* at 472, 591 S.W.2d at 561-62.

Thus, the question of the voluntariness of a pretrial confession is not itself the basis of post-conviction relief. It is, however, significant in relation to the charge of ineffective assistance of counsel, discussed above. In this case, the appellant did not give a pretrial confession; he gave a pretrial statement that the sexual intercourse was had with consent and consent, in turn, would have been the anticipated defense. Thus, the plea of guilt was not caused by an attorney ineffectively allowing an involuntary pretrial confession to stand. We affirm the trial court's ruling that the appellant did not meet his heavy burden and did not prove ineffective assistance of counsel.

Appellant's next contention is that his plea was involuntary because his attorney coerced him into pleading guilty. The main thrust of his argument is that his attorney discussed the possible existence of racial prejudice in the community and how it might affect a sentence recommended by a jury. Appellant is black and the prosecutrix is white.

The discussion by an attorney of all of the factors which might possibly lead to a higher sentence at trial does not, of itself, mean that a plea was compelled. In *Williams* v. *State*, 273 Ark. 371, 620 S.W.2d 277 (1981), we stated that the accused's justified fear of receiving a higher sentence if he went to trial did not warrant post-conviction relief. In *Todd* v. *State*, 253 Ark. 283, 485 S.W.2d 533 (1972), we said: "A plea of guilty even if induced by the possibility of a more severe

sentence does not establish coercion." *Id.* at 285, 485 S.W.2d at 534. The fact that the attorney discussed possible racial prejudice against the defendant does not, of itself, constitute coercion of a plea.

Appellant's final argument is that the trial court did not inquire into the factual basis of his plea. Rule 24.6, A.R.Cr.P. provides:

> Determining Accuracy of Plea.
> The court shall not enter a judgment upon a plea of guilty or nolo contendere without making such inquiry as will establish that there is a factual basis for the plea.

We have held that compliance with Rule 24.6 is mandatory. *Irons* v. *State,* 267 Ark. 469, 591 S.W.2d 650 (1980). But, deficiencies in the proceedings can be remedied at post-conviction hearings. *Deason* v. *State,* 263 Ark. 56, 562 S.W.2d 79 (1978). At the time of the plea Rule 24.6 was not strictly complied with as the court did not ask the appellant about the factual basis of the plea. However, the written statements of appellant and the prosecutrix were admissible, *Davis* v. *State,* 267 Ark. 507, 592 S.W.2d 118 (1980), and both statements plus one from a third witness were considered by the court at the post-conviction hearing. The appellant's statement left only one factual element of the crime in doubt and that element was forcible compulsion. Appellant admitted in his written statement that he had a knife and showed it to the prosecutrix. He admitted engaging in sexual intercourse with the prosecutrix but intimated it was with consent. Twice the trial court read to appellant the charge against him, "sexual intercourse by forcible compulsion." Twice the appellant stated he understood the charges. Appellant's attorney twice stated in open court that he had read and explained the charges to him. Twice the appellant acknowledged that he had discussed the matter in detail with his attorney and twice he acknowledged that he was satisfied with the attorney's services. He understood that the Prosecuting Attorney would recommend 30 years in prison if he pleaded guilty to the charge of rape. He then pleaded guilty. All of these attendant circumstances demonstrate that the trial court had a factual basis for finding the element of

forcible compulsion. Thus, a factual basis for the plea was established and there was substantial compliance with Rule 24.6.

Affirmed.