Leroy Rodney MILES *v.* STATE of Arkansas

CR 79-60                                644 S.W.2d 240

Supreme Court of Arkansas
Opinion delivered December 6, 1982

*Claude S. Hawkins, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In 1979 Miles entered a negotiated plea of guilty to a charge of rape and received a 20-year sentence. He later filed a petition for post-conviction

relief, but after a hearing the trial judge denied relief. Of the eight points for reversal four have been abandoned by court-appointed appellate counsel for want of proof. There is likewise no merit in the other four.

One, Miles's petition stated that while he was in jail awaiting trial Officers Dove and Tevady had made (unspecified) threats about what they would do if he did not plead guilty, but at the hearing Miles did not so testify. He did say that Dove had mistreated him, but he did not connect any such abuse with his plea of guilty. Moreover, he had stated at the recorded proceeding when his plea was accepted that no one had threatened him in any way. The trial judge was free to disbelieve Miles's uncorroborated repudiation of his earlier assertions.

Two, Miles testified that his original counsel told him that he would get a sentence of only ten years, but that statement was contradicted at the hearing by the attorney and is contrary to the earlier record. The issue of credibility was for the trial judge to decide.

Three, Miles complains that the original trial judge was related to the prosecuting attorney. Both Miles and his attorney, however, filed a waiver of the judge's disqualification, as we suggested with regard to this same situation in *Edmondson v. Farris,* 263 Ark. 505, 565 S.W.2d 617 (1978). At the hearing below, Miles did not even testify with respect to this point. His former attorney testified that he had told Miles that he could either sign the waiver or wait until another judge could be appointed. That advice was correct.

Four, the charge of rape was based upon forcible anal intercourse committed by Miles upon another inmate of the jail. Miles now argues that at the sentencing he "never stated that the intercourse was voluntary on his part." A plea of guilty, however, precludes the defendant from later raising a defense to the original charge. *Irons v. State,* 267 Ark. 469, 591 S.W.2d 650 (1980). The post-conviction issue is whether the plea was voluntary. Miles has not shown that his plea of guilty was involuntary.

Affirmed.