Royzelle ACKERS *v.* STATE of Arkansas

CR 87-136                                        740 S.W.2d 620

Supreme Court of Arkansas
Opinion delivered December 7, 1987

*William R. Simpson, Jr.*, Public Defender, *Deborah R. Sallings*, Deputy Public Defender, by: *Bret Qualls*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Royzelle Ackers, was convicted on September 30, 1985, of terroristic threatening, battery, and sexual abuse. He was sentenced as an habitual offender to consecutive sentences, the longest of which was eight years. No notice of appeal was filed, but the appellant petitioned this court for a belated appeal, contending that he had, on the day of his conviction, informed his counsel he wished to appeal but that his counsel had failed to perfect the appeal. The appellant's counsel, John Achor, filed an affidavit to the contrary. We denied the petition but invited the appellant to apply to the trial court for a hearing to determine whether he had informed his counsel of his desire to appeal. In an unpublished per curiam opinion of October 20, 1986, we noted that the appellant would be allowed to appeal from an adverse ruling. The hearing was held. The appeal before us now is from the trial court's determination that the appellant did not request that his counsel perfect an appeal. We affirm the trial court's ruling.

At the hearing held to determine whether the appellant had sought to have his counsel appeal his convictions, the appellant testified that he had told counsel he wanted to appeal just after sentence had been pronounced when he and his counsel were still in the courtroom in the presence of the judge. The appellant's sister and niece testified that they were in the courtroom and heard the appellant state to his counsel that he wanted to appeal. While their testimony was a little vague, it corroborated that of the appellant. To the contrary, Mr. Achor testified clearly that he had advised the appellant against taking an appeal because if one of the convictions were reversed he might be reconvicted in a new trial and sentenced to more than eight years imprisonment. He testified that the appellant seemed satisfied with his sentences and that was the extent of their discussion of whether to appeal.

Letters from the appellant to Mr. Achor asking about the status of the appeal were introduced, but they were mailed after the time for appeal had run and after, as the appellant put it, he had "gotten his law" from a fellow inmate. The record contains an affidavit of indigency executed by the appellant on the date of his convictions, and he relies heavily on the argument that the affidavit was executed solely for the purpose of pursuing an appeal thus supporting his contention that he sought an appeal on that date.

The appellant has stated as his point for reversal that the evidence is insufficient to support the trial court's decision that he did not ask his counsel, in a timely manner, to appeal his convictions. The appellant had the burden of proving that he had made the request. If the request had been made, it would have been the duty of counsel either to file a notice of appeal or withdraw from representation of the appellant. *Lewis* v. *State*, 279 Ark. 143, 649 S.W.2d 188 (1983). In view of the swearing match between Mr. Achor on the one hand, and the appellant and his relatives on the other, the evidence was sufficient to support a ruling either way. The issue is thus not whether the evidence was sufficient to support the court's ruling. Rather, as in the case of review of other postconviction fact-finding hearings, our duty is to determine whether the trial court's ruling was clearly against the preponderance of the evidence. *See, e.g., Porter* v. *State*, 264 Ark. 272, 570 S.W.2d 615 (1978); *Huff* v. *State*, 289 Ark. 404, 711 S.W.2d 801 (1986); *Knappenberger* v. *State*, 283 Ark. 210, 672 S.W.2d 54 (1984); *Irons* v. *State*, 267 Ark. 469, 591 S.W.2d 650 (1980); *Houston* v. *State*, 263 Ark. 607, 566 S.W.2d 403 (1978); *Degler* v. *State*, 257 Ark. 388, 517 S.W.2d 515 (1974).

At the close of the hearing, the trial court ruled from the bench. He stated that the appellant had failed to sustain his burden of proving that he had made a timely request that his counsel appeal his convictions. The court pointed out that he often encouraged having an indigency affidavit executed by a convicted party to save the trouble and expense of bringing him back to court from the department of correction for that purpose. The appellant argues that the court seemed to be requiring proof of more than a mere request of counsel that an appeal be taken. He points to the court's remark that "even if he said at that time I want to appeal" that would be "understandable" but that the

appellant did not take the steps necessary to appeal. That remark does give us pause, because it flies in the face of the rule that requires counsel to file a notice of appeal or withdraw if such a request has been made. However, we must regard the remark as a mere aside, for the court had already stated clearly that the appellant had failed to meet the burden of proving he had made such a request. The ruling of the trial court was not clearly against the preponderance of the evidence.

Affirmed.