James E. ATCHISON *v.* STATE of Arkansas

CR 88-154                                                    767 S.W.2d 312

Supreme Court of Arkansas
Opinion delivered April 3, 1989

*Sexton Law Firm, P.A.,* by: *John R. VanWinkle,* for appellant.

*Steve Clark,* Att'y Gen., by: *Olan W. Reeves,* Asst. Att'y

Gen., for appellee.

TOM GLAZE, Justice. This is an appeal from the trial court's denial of the appellant's pro se motion for reduction of sentence pursuant to Ark. Code Ann. § 16-90-111 (1987). The trial court treated the appellant's motion as a petition for post-conviction relief under A.R.Cr.P. Rule 37.1.[1] Appellant's sole argument on appeal is that the trial court's finding is clearly against the preponderance of the evidence. We disagree and therefore affirm.

Appellant was charged with four counts of burglary, four counts of theft of property, and with being a habitual criminal. Pursuant to a plea agreement, the appellant pled guilty to all counts and was sentenced to imprisonment for twenty years with five years suspended. Appellant filed a pro se motion for reduction of sentence alleging, among other things, that he only accepted the plea bargain because he was threatened with more prison time by his court appointed attorney and that his sentence was too harsh for his crime. The trial court appointed an attorney for the appellant, and a hearing was held on appellant's motion. At this hearing, the appellant's main argument was that his sentence should be reduced because he had given information to Noel Harvey, Captain of the Fort Smith Police Department, who in return had promised him that he would only have to serve a few years in prison for his crimes. The only relief the appellant sought was a reduction of his sentence.

All parties agree that Officer Harvey's intervention on the appellant's behalf resulted in the appellant being released from jail on a signature bond. Officer Harvey testified that he helped the appellant because the appellant had told him that he could locate some stolen property and provide information to help with some felony arrests. Apparently, the appellant did give the police some information, but according to Officer Harvey the information did not lead to any arrests. When we review the evidence presented at the hearing, we find a conflict in testimony about the agreement between the appellant and Officer Harvey. Appellant testified that he had an agreement with Officer Harvey that if he

---

[1] In *Williams* v. *State*, 291 Ark. 255, 724 S.W.2d 158 (1987), this court affirmed the trial court's treatment of a motion under the same statutory provision as a Rule 37 petition.

gave him information, Officer Harvey would help him out so that he would only have to serve a few years in prison. Officer Harvey testified that he never promised the appellant that he would help him get a reduced sentence, but instead he told the appellant that if he was able to make a relatively large case, it might help him with the prosecuting attorney's office. Paul Hughes, appellant's court appointed attorney at the time of his plea agreement, testified that he called Officer Harvey, but the officer told him that he could not help the appellant.

When there is a conflict of testimony, it is the trial judge's job to resolve it. *Huff* v. *State*, 289 Ark. 404, 711 S.W.2d 801 (1986). The trial judge is not required to believe any witness's testimony, especially the testimony of the accused, since he has the most interest in the outcome of the proceedings. *Id*. Here, the trial court believed Officer Harvey's testimony that he made no agreement with the appellant to get him a reduced sentence. Further, the trial judge found that the appellant received a fair sentence, which was far below the statutory limits. This court has repeatedly held that we will not reverse the trial court's denial of post-conviction relief unless the trial court's findings are clearly against the preponderance of the evidence. *See, e.g., Madewell* v. *State*, 290 Ark. 580, 720 S.W.2d 913 (1986). Since there was evidence presented at the hearing to support a ruling either way, we cannot say the trial court's ruling is clearly against the preponderance of the evidence. *See Ackers* v. *State*, 294 Ark. 47, 740 S.W.2d 620 (1987). For the reasons stated above, we affirm.