Ronald Allen FARMER *v.* STATE of Arkansas

CR 94-1398 902 S.W.2d 209

Supreme Court of Arkansas
Opinion delivered July 3, 1995

284

*Mathis & De Janes*, by: *William T. Mathis, II*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., Senior Appellate Advocate, for appellee.

PER CURIAM. The appellant Ronald Allen Farmer was convicted of first degree battery by a jury and sentenced to ten years imprisonment and a $10,000 fine. The conviction was affirmed by the Arkansas Court of Appeals in an opinion not designated for publication. *Farmer* v. *State*, CACR 93-781 (June 1, 1994). The mandate was issued on June 21, 1994. On August 1, 1994, the appellant filed a petition for post-conviction relief alleging ineffective assistance of counsel. That petition was denied and the appellant brings this appeal.

To prevail on a claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. Second, the petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. In making a determination on a claim of ineffectiveness, the totality of the evidence before the judge or jury must be considered. *Strickland* v. *Washington*, 466 U.S. 668 (1984).

We affirm the trial court's denial of post-conviction relief unless it is clearly against the preponderance of the evidence. *Atchison* v. *State*, 298 Ark. 344, 767 S.W.2d 312 (1989). Where the evidence is sufficient to support a ruling either way, it cannot be said that the trial court's ruling was clearly against the preponderance of the evidence; the credibility of a witness is a question for the trier of fact in Rule 37 proceedings. *Atchison* v. *State*, 298 Ark. 344, 767 S.W.2d 312 (1989).

The appellant claims that the trial court erred in not finding his attorney ineffective when his attorney failed to ensure the presence of witnesses who could support his claim of self defense. The appellant's conviction arose from a barroom fight. The bartender testified for the state that the appellant threw a beer pitcher at the victim, stomped on the victim's head, and continued to beat him after he was unconscious. She testified that the appellant also lifted the victim's arm and intended to stomp on it but the fight was stopped. The bartender conceded on cross-examination that she would not have seen it if the victim had hit the appellant first; she also stated that she did not see the whole fight. Paul Hill, a patron in the bar, testified that the appellant hit the victim in the head with the beer, "knocked him out," and jumped up and down on his chest. Hill testified that he could not positively say that the victim did not hit the appellant first. Paul Hill's wife, Marsha, testified that the appellant hit the victim in the head with a pitcher of beer.

The manager at the bar testified for the defense that the victim had been barred from the tavern because of disorderly conduct and that she had heard him called "Bone Crusher." The appellant testified in his own behalf that the victim hit him first, causing the ensuing fight. He stated that the victim hit him in the bridge of the nose and knocked him off the bar stool. He testified that he thinks that the victim hit him with a cue ball. The appellant stated that the victim started towards him so he threw the pitcher of beer at him.

The defense apparently supplied the names of John Black and David Vanderford as witnesses. When the witnesses' names were called on the date the trial was first set, March 10, 1993, David Vanderford was present but John Black was not present. The court ordered all witnesses to return for the trial the date of which was moved to March 18, 1993. On March 10, the defense attorney asked the judge to issue a contempt warning for John Black but the court pointed out that there was no return on Black. The defense attorney said that he would reissue the subpoena. On the date of the trial neither John Black nor David Vanderford were present or called as a witness. The appellant's attorney did not ask for a continuance to secure the witnesses' presence.

The appellant's petition for post-conviction relief alleged,

among other things, that his trial counsel was ineffective for failing to present any evidence to corroborate his claim of self-defense. He stated that David Vanderford and Johnny Black could have testified on his behalf. He conceded that Vanderford was also charged in the crime and is now a fugitive but averred that Black was available to testify and was not called. At the hearing on the petition for post-conviction relief, the appellant's trial attorney testified that John Black was subpoenaed but that he did not ask for a continuance when Black failed to appear for trial. The trial attorney testified ". . . I believe Mr. Black was a cousin of [the appellant] and we felt reasonably certain that he would show up." The trial attorney testified incorrectly that John Black had appeared for the earlier trial date but that he did not appear for the second trial date. The attorney stated, "but we felt that he was a cousin of the defendant and we seemed reasonably confident that he was going to be a witness all along." The attorney testified that he did not have the subpoena reissued. He stated that he did not request a continuance because of Mr. Vanderford's absence because "we felt that he was on the run because he had previous convictions and he would not be found and even if we got him here, I would anticipate that he would plead the Fifth Amendment."

John Black testified at the Rule 37 hearing. He stated that he was not served with the subpoena. He testified that the victim reached across the bar and hit the appellant and that he would have testified to that. The appellant testified that David Vanderford was not a fugitive at the time of the trial and that he had appeared at the previous hearings. The appellant testified that Vanderford was not called because Vanderford's public defender advised him not to testify. The appellant testified that his counsel never suggested going ahead and subpoenaing him. None of the subpoenas appear in the transcript but on March 10 the court docket reflects that "the defendant requested an order to serve John Black."

The state argues correctly that the decision to call certain witnesses and reject other potential witnesses is largely a matter of trial strategy. Counsel must use his own best judgment to determine which witnesses will be beneficial to his client. *Taggett* v. *State*, 284 Ark. 211, 680 S.W.2d 696 (1984). In this case, however, the appellant's attorney failed to secure the testi-

mony of the only witnesses available who could corroborate his client's version of the facts. His "strategy" was to present John Black as a witness, but he failed to have Black served with a subpoena or to seek a continuance when he failed to appear, despite the fact that Black was apparently the only person who could testify in support of the self-defense claim.

 The court's order stated:

> The trial defense counsel and the prosecuting attorney timely caused to be issued subpoenas for Johnny Black, who apparently is a relative of the defendant and resides in rural Montgomery county. Mr. Black was never served with either subpoena though apparently efforts were made by the defense attorney to obtain service. The defendant, who was free on pretrial bond, apparently did not assist in obtaining the whereabouts of Mr. Black prior to trial.

There is nothing in the record to support the statement that the defense attorney made efforts to obtain service. In light of the fact that corroboration of the appellant's version of the facts was crucial to his allegation of self-defense, trial counsel was ineffective in failing to ask for a continuance when John Black did not appear on the morning of the appellant's trial. The trial judge's finding to the contrary is clearly against the preponderance of the evidence.

Reversed.