John Edward CAMPBELL *v.* STATE of Arkansas

CR 83-147                                    670 S.W.2d 800

Supreme Court of Arkansas
Opinion delivered June 11, 1984

*Keith, Ford & Blair,* by: *Tom J. Keith,* for appellant.

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. Appellant, John Campbell, was charged and convicted of five separate crimes, receiving a sentence of life imprisonment for one and a total of fifty years for the other four, the sentences to run concurrently. He filed a Rule 37 petition for post-conviction relief alleging ineffective assistance of counsel and failure of the trial court to reject his guilty plea. The trial court denied the petition for relief and we affirm.

Appellant's allegations arise from a hearing on March 23, 1982 which resulted in his changing a not guilty plea to one of guilty on all charges. He had originally pleaded not guilty to the first four charges on January 8, 1982, by reason of mental disease or defect. He was then examined by a psychiatrist from Ozark Mental Health Center and found to be without psychosis and competent to stand trial. While awaiting trial on these charges, he was charged with second degree battery involving an incident in the county jail. At the Rule 37 hearing appellant's attorney testified he'd had a number of discussions with appellant after the arraignment on the first four charges and although he tried to dissuade him, the appellant told him he wanted to plead guilty. The attorney was aware that appellant had been previously hospitalized in Texas for mental disorders and in one of their last meetings told appellant he would ask the court to order additional mental evaluation. Appellant still wanted to plead guilty, but told his attorney to make the motion and if the Judge would not agree to send him to the hospital, he would enter a guilty plea. At the March hearing the attorney made a request for further evaluation on the grounds of incompetency to stand trial. The court denied the request and told the attorney he could file a motion on that point but did not "see any reason to send him on down there." The attorney then told the court the appellant wanted to change his plea in regard to all the charges. During the sentencing phase, the attorney presented information on appellant's prior mental problems in Texas as a mitigating factor.

The appellant contends that, as the attorney had information about the appellant's prior history of mental problems, he was under a duty to pursue the leave granted by the court to file a written motion for further evaluation on those grounds. Additionally, he argues, having some question of the appellant's competency, the attorney should have prevented the appellant from pleading guilty.

The issue here is whether the plea was entered intelligently and voluntarily with the advice of competent counsel. The appellant has the burden of showing that the assistance or advice he received was not within the range of competence required of lawyers in criminal cases, and there is a presumption that counsel is competent that must be overcome. *Thomas* v. *State*, 277 Ark. 74, 639 S.W.2d 353 (1982). We will reverse the denial of a Rule 37 petition only if the findings are clearly against the preponderance of the evidence. *Thomas* v. *State, supra; Williams* v. *State*, 273 Ark. 371, 620 S.W.2d 277 (1981).

Under the circumstances of this case we do not find any merit to appellant's allegations. The Texas reports stated that appellant was not psychotic and the attorney testified in essence that were he to draw attention to the reports, contrary to appellant's assertion, it would probably confirm the previous evaluation on the appellant and would not be helpful in trying to obtain additional information. The attorney's failure to pursue further evaluation does not fall outside the range of competence expected of lawyers in criminal cases. First, the attorney's action in not filing the motion can be viewed as strategy and we have consistently held that matters of trial strategy open to debate by experienced counsel are not grounds for relief under our postconviction rule. *McDaniel* v. *State*, 282 Ark. 170, 666 S.W.2d 400 (1984); *Leasure* v. *State*, 254 Ark. 961, 497 S.W.2d 1 (1973). Second, in two other cases where appellants argued similarly that the attorney should have pursued an insanity defense or presented additional evidence of insanity in the sentencing phase, the trial courts ruled as was done here. See *Thomas, supra; Henderson* v. *State*, 281 Ark. 401, 664 S.W.2d 451 (1984). The court in *Thomas* found that evidence already presented was sufficient to establish that there was

no insanity defense and in *Henderson* that the appellant did not demonstrate how the additional evidence would have negated findings already presented. In this case, more substantial evidence than that in *Thomas* was presented to show competency and the appellant does not show how the evidence of his prior history in Texas would have negated the findings of the evaluation that had already been presented. Absent a showing of prejudice, a claim of ineffective assistance of counsel will not prevail. *Strickland* v. *Washington,* ___ U.S. ___ , 104 S.Ct. 2052 (1984).

As to appellant's second point under this argument, he recognizes that under A.R.Cr.P. 25.2 the decision to enter a guilty plea ultimately rests with the defendant, which is what occurred here. The attorney had sufficient discussions with the appellant to learn that appellant wanted to enter a guilty plea and never testified that he thought appellant incompetent. It would be plainly contrary to Rule 25.2 for him to have resisted the plea which appellant wanted to make.

Appellant's second argument is that the trial court, aware of appellant's prior history of mental problems, erred in failing to reject the guilty plea. For the reasons already stated, the court was under no duty to halt the proceedings because of questionable competency of the appellant. His competency had already been determined and there was nothing in the information relayed to the court that contradicted any of the findings by the evaluation already presented or that would give the court cause to question the appellant's competency.

The judgment is affirmed.