**John Edward CAMPBELL, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 85–1635.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1986.

Decided April 30, 1986.

---

Jeffrey M. Rosenzweig, Little Rock, Ark., for appellant.

Joel O. Huggins, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before HEANEY, ARNOLD, and WOLLMAN, Circuit Judges.

HEANEY, Circuit Judge.

John Edward Campbell appeals from a district court order denying habeas corpus relief under 28 U.S.C. § 2254. For the reasons set forth below, we affirm.

## I. BACKGROUND

On January 8, 1982, Campbell pleaded not guilty by reason of mental disease or defect to charges of aggravated robbery, attempted murder, burglary, and theft of property. A psychiatrist from the Ozark Mental Health Center examined him and found him to be without psychosis and competent to stand trial. At a March 23, 1982, hearing, Campbell orally requested the court for commitment to the Arkansas State Hospital for a supplementary evaluation. Because of the psychiatrist's report, the court denied his request, but told him that he could file a written motion, if he desired. Campbell decided to forego this option and changed his plea to guilty on all counts. He told the court that he had not pled guilty in response to coercion, promises, or predictions regarding whether the court would accept his plea. He then asked that the court consider his history of psychological problems in mitigation of his sentence. He referred specifically to his eight commitments to the Austin State Hospital in Texas, his need for medication on a continuing basis, and the fact that the psychiatrist had diagnosed him as having an "explosive personality." The court sentenced Campbell to life imprisonment for aggravated robbery and a total of fifty years for the other four charges,[1] all to run concurrently.

---

1. While awaiting trial on the original four    charges, Campbell was charged with second de-

Campbell subsequently filed a motion for post-conviction relief pursuant to Ark.R. Crim.P. 37. The court held a hearing on June 9, 1983, and denied his motion. The Arkansas Supreme Court affirmed this denial. *Campbell v. State*, 283 Ark. 12, 670 S.W.2d 800 (1984). On April 15, 1985, the district court denied his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Campbell appeals from the district court's order, arguing that the district court should have granted habeas corpus relief or, at least, a competency hearing. He also contends that his rights to due process and effective assistance of counsel were violated by his counsel's failure to pursue the issue of his competency.

## II. DISCUSSION

■ Campbell argues that, in light of the trial court's knowledge of his psychological history, its acceptance of his guilty plea violated his right to due process. He points out that, at the March hearing, some of his responses to the court indicated his confusion, he requested a supplementary evaluation of his competency, and he informed the court of his previous eight commitments in Texas. A trial court should *sua sponte* order a competency hearing when there is a reasonable doubt about the defendant's competency to stand trial. *Speedy v. Wyrick*, 702 F.2d 723, 725 (8th Cir.1983); *see Pate v. Robinson*, 383 U.S. 375, 385, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 (1966). "Once there is such evidence

gree battery involving an incident in the county jail.

2. Campbell argues that, since the judge who accepted his plea also presided over the Rule 37 proceeding, he was denied a fair hearing. This argument is without merit; Campbell admits that there is no constitutional issue and has not presented any evidence of bias on the part of the court.

3. The trial court's denial of a supplementary examination was within its discretion under Ark.Stat.Ann. § 41–605 (Repl.1977), which provides, in relevant part:

(2) Upon suspension of further proceedings in the prosecution, the court shall enter an order:

(a) directing that the defendant undergo examination and observation by one or more

from any source, there is a doubt that cannot be dispelled by resort to conflicting evidence." *Lindhorst v. United States*, 658 F.2d 598, 607 (8th Cir.1981) (quoting *Moore v. United States*, 464 F.2d 663, 666 (9th Cir.1972)), *cert. denied*, 454 U.S. 1153, 102 S.Ct. 1024, 71 L.Ed.2d 309 (1982). Since there was evidence which may have cast doubt on Campbell's competency to stand trial, the trial court arguably should have ordered a competency hearing, irrespective of the psychiatrist's report finding him competent. Any error, however, was rectified on June 9, 1983, when the trial court held the Rule 37 post-conviction proceeding, at which time Campbell received a full and fair hearing on the issue of his competency.[2]

■ We must also reject Campbell's sixth-amendment claim. The failure of his trial counsel, Don Huffman, to pursue the issue of his competency did not violate his right to effective assistance of counsel. Although trial counsel's failure to request a competency hearing where there is a substantial doubt about a petitioner's competency may constitute ineffective assistance of counsel, *Speedy*, 702 F.2d at 726, Campbell did receive a subsequent hearing. Additionally, Huffman's failure to make a written motion for a supplementary examination did not violate Campbell's rights. Huffman made an oral request for the examination, which was denied by the court.[3] Campbell had instructed Huffman

qualified psychiatrists at a local regional mental center or clinic; or

(b) appointing at least one (1) qualified psychiatrist to make an examination and report on the mental condition of the defendant; or

(c) directing the Director of the Arkansas State Hospital to examine and report upon the mental condition of the defendant; or

(d) committing the defendant to the Arkansas State Hospital or other suitable facility for the purpose of the examination for a period not exceeding thirty (30) days, or such longer period as the court determines to be necessary for the purpose.

The Commentary following this provision makes it clear that the choice of approach "could best be left to the discretion of the trial court."

that if the court refused this request, Campbell would plead guilty. At the Rule 37 proceeding, after hearing the testimony of both Campbell and Huffman, the court found that Campbell had made this decision after being fully advised of his rights and the consequences of his plea. Finally, there is nothing in the record to indicate the existence of additional evidence which would have supported Campbell's claim of incompetency.[4]

Accordingly, we affirm the district court's denial of habeas corpus relief.

**4.** Huffman's decision to use the information regarding Campbell's eight commitments in Texas to mitigate Campbell's sentence rather than to substantiate Campbell's incompetency appears to have been a reasonable trial strategy. Huffman testified that the reports from the Austin State Hospital indicated that Campbell was not psychotic. (We note that, at the Rule 37 proceeding, Campbell did not challenge Huffman's assessment of the reports, nor did he choose to introduce the reports on his own behalf.) In addition, Huffman had decided to down-play the Texas commitments because Campbell had apparently left the Austin State Hospital without permission.