Santiago SANCHEZ a/k/a Robert George Pacicco
*v.* STATE of Arkansas

CR 85-211                                716 S.W.2d 747

Supreme Court of Arkansas
Opinion delivered September 22, 1986

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner Santiago Sanchez and a co-defendant Gary Piercefield were convicted of possession of metham-

phetamine, a controlled substance, and sentenced as habitual offenders to 35 and 22 years in prison. On appeal, we reversed and dismissed the judgment against Piercefield and affirmed petitioner's conviction. *Sanchez* v. *State*, 288 Ark. 513, 707 S.W.2d 310 (1986). Sanchez now seeks permission to proceed in circuit court for an evidentiary hearing pursuant to Criminal Procedure Rule 37.

■■ Much of the petition concerns the sufficiency of the evidence against petitioner, but that question was settled at trial and on appeal. The sufficiency of the evidence is not a ground for collateral attack of a judgment under Rule 37. *McCroskey* v. *State*, 278 Ark. 156, 644 S.W.2d 271 (1983). Petitioner also contends that this Court misconstrued the evidence on appeal and made mistakes in its opinion, claims which should have been made in a petition for rehearing and are not grounds for postconviction relief.

■■ Petitioner further argues that he was denied the right to confront Piercefield at trial, that evidence from the search of his car should have been suppressed and that the prosecution entered into a plea bargain with a potential witness whereby the witness would be precluded from testifying in petitioner's behalf. The assertions of error raised by petitioner could have been argued at trial and subsequently on the record on appeal. Since they were not, they must be considered waived. Even questions of constitutional dimension are waived if not advanced in accordance with the controlling rules of procedure, unless they present a question so fundamental as to render the judgment of conviction absolutely void. *Collins* v. *State*, 271 Ark. 825, 611 S.W.2d 182 (1981). A ground sufficient to void a conviction must be one so basic that the judgment is a complete nullity. *Travis* v. *State*, 286 Ark. 26, 688 S.W.2d 935 (1985). The issues raised by the petitioner, even if meritorious, would not be enough to void the judgment in his case.

■ Petitioner also argues that his attorney at trial Garner Taylor, Jr. was ineffective. He cites specific acts and omissions of counsel as support for the claim, none of which is in itself sufficient to demonstrate that he was prejudiced. We nevertheless find good cause to grant permission to file a petition for an evidentiary hearing in the trial court on the allegation that Taylor

was ineffective because, unbeknownst to petitioner, Taylor was under felony indictment at the time of the trial in the very court in which petitioner was being tried. Petitioner contends that after his trial an attorney named William Cromwell told him that Taylor was under indictment. He verified through "knowledgeable persons" and press reports that Taylor had been charged with the aggravated assault of a Fort Smith woman and that the charge was pending in April, 1985, when he was tried. It goes without saying that a conflict of interest could exist where counsel was under indictment in the court where his client was also under indictment, depending on factors such as whether the attorney was involved in plea negotiations, the disposition of the charge and other considerations. *See United States* v. *DeFalco*, 644 F.2d 132 (3rd Cir. 1980).

■■ While it is possible for an attorney under indictment to render effective assistance to his client, petitioner's allegation that counsel's representation was affected by the indictment is sufficient to warrant a hearing. Upon filing of a proper petition in the circuit court, the court must determine whether counsel was under indictment and, if so, whether counsel's representation was so affected that his performance was deficient in that he made *specific* errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. The deficient performance must have resulted in prejudice so pronounced as to have deprived petitioner of a fair trial whose outcome cannot be relied on as just. *Strickland* v. *Washington*, 466 U.S. 668 (1984). In all other respects, the petition is denied.

Petition granted in part and denied in part.

NEWBERN, J., not participating.