Glen Arlis McDANIEL *v.* STATE of Arkansas

CR 86-155                                    726 S.W.2d 679

Supreme Court of Arkansas
Opinion delivered April 6, 1987

*Morgan E. Welch*, and *Kenneth E. Suggs*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant, Glen Arlis McDaniel, was arrested and charged with robberies in Benton and Madison Counties in December of 1979. He retained an attorney, James Dickson, to represent him on all of the charges. Trial was set for April 20, 1980, but the appellant skipped out of the state. He was arrested in Kansas in 1982 on a drug charge, on which he was convicted, and then brought back to Arkansas. His Madison County trial was reset for July 13, 1982. On July 7, 1982, he entered a plea of guilty in Madison County Circuit Court to charges of aggravated robbery and failure to appear,

both pleas being part of a plea arrangement involving the Madison County charges and the Benton County charges as well. On January 9, 1985, McDaniel filed a motion for post-conviction relief pursuant to A.R.Cr.P. Rule 37.1 alleging ineffective assistance of counsel. After a hearing below, the motion was denied. We affirm the ruling of the trial court.

On appeal, the burden is on the appellant to show ineffective assistance of counsel. *Crockett* v. *State*, 282 Ark. 582, 669 S.W.2d 896 (1984); *United States* v. *Cronic*, 466 U.S. 648 (1984). The findings of the trial court will not be reversed unless they are against the preponderance of the evidence. *Knappenberger* v. *State*, 283 Ark. 210, 672 S.W.2d 54 (1984). This court has followed the standard for cases challenging a guilty plea on the basis of ineffective assistance of counsel set out by *Strickland* v. *Washington*, 466 U.S. 668 (1984) and *Hill* v. *Lockhart*, ___ U.S. ___, 106 S.Ct. 366 (1985), that the appellant must establish that his attorney's counsel was not within the range of competence demanded in criminal cases, and that he was prejudiced in that, as a result of the attorney's incompetence, the outcome of the proceeding was not reliable. *See Huff* v. *State*, 289 Ark. 404, 711 S.W.2d 801 (1986); *Hicks* v. *State*, 289 Ark. 83, 709 S.W.2d 87 (1986); *Smith* v. *State*, No. CR 86-172 (March 16, 1987). In the present case, we find that the appellant has failed to carry his burden on the first requirement of the test, and it is therefore unnecessary to consider the requirement of prejudice.

Appellant has alleged that his counsel was ineffective because he failed to investigate sufficiently, did not interview the witnesses adequately, did not attempt to have certain evidence and a confession suppressed, and failed to fight the appellant's extradition. Appellant contends Dickson made himself unavailable to the appellant and his family until shortly before trial, when he advised the appellant to accept the plea bargain because he had no defense prepared. Dickson testified to the contrary, asserting that he had consulted with the appellant on a number of occasions, and that he had investigated thoroughly. According to Dickson, the search and confession that appellant now claims were unconstitutional were actually voluntary, and could not have been successfully challenged. Dickson said he did not attempt to fight extradition because appellant did not wish to

return to Kansas. After weighing what he considered slim chances of success at trial against the possibility of a much longer sentence and the chance that an additional charge might be filed, Dickson testified that, in his professional judgment, it would have been unwise to take the case to trial.

The trial court specifically found that Dickson had given effective assistance and had adequately prepared. In so finding, the court chose to believe Dickson's testimony over that of the appellant. The appellant now asks that we overturn that decision, relying heavily on the fact that Dickson has been disbarred in an unrelated proceeding. It is squarely within the discretion of the court to resolve conflicts in testimony. *Huff* v. *State*, 289 Ark. at 409, 711 S.W.2d at 801. The judge is not required to believe any witness' testimony. *Smith* v. *State*, 286 Ark. 247, 691 S.W.2d 154 (1985). We cannot say that the court was clearly in error in choosing to believe Dickson. A disbarment proceeding may be initiated for a great many reasons unrelated to the attorney's veracity, and, in any event, the trial court's ability to observe the witnesses must weigh heavily against any attempt to attack credibility after the hearing.

The appellant also argues that a transcript of the Benton County plea hearing was improperly introduced at the hearing. The guilty pleas were entered in Benton County after those in Madison County. Appellant argues that the transcript was irrelevant as it came after the events in question, and that the trial court improperly admitted it under A.R.E. Rule 803 to show state of mind. The statements were clearly relevant for impeachment purposes since they contradicted the appellant's testimony, and were therefore admissible under A.R.E. Rule 613. While there is no basis for admitting the statements under A.R.E. Rule 803, the evidence would come in substantively under A.R.E. Rule 801(d)(1) as an admission. *Lewis* v. *State*, 288 Ark. 595, 709 S.W.2d 56 (1986). The court's decision should not be overturned if there was a proper basis for admission, even though the wrong reason was given. *Chisum* v. *State*, 273 Ark. 1, 616 S.W.2d 728 (1981). Accordingly, we affirm the trial court's decision that appellant was not entitled to post-conviction relief.