Johnny STEPHENS *v.* STATE of Arkansas

CR 86-129                                    737 S.W.2d 147

Supreme Court of Arkansas
Opinion delivered October 5, 1987

*Gill, Johnson, Gill & Gill*, by: *Kenneth Johnson*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Johnny Stephens, was convicted of aggravated robbery and manslaughter. He was sentenced as an habitual offender to concurrent terms

of 20 years for aggravated robbery and eight years for manslaughter. His appeal to the court of appeals was affirmed. *Stephens* v. *State*, 15 Ark. App. 352, 693 S.W.2d 64 (1985). Stephens filed a motion for post conviction relief, alleging ineffective assistance of counsel for failure to expose false testimony. A hearing was held by the trial court, and his motion was denied. It is from that decision that this appeal is brought. We affirm.

Stephens and four other men were involved in an armed robbery during which one of the robbers was killed. Stephens and Kenneth Beatty stood trial for acting as lookouts during the robbery. The remaining two parties, Samuel White and William McCarty negotiated pleas of guilty to the charges rather than stand trial. White testified at Stephens' trial that he pled guilty to the charges and received a sentence of 12 years for aggravated robbery and 5 years for manslaughter, to run concurrently, and was presently serving the 12 year sentence. This testimony was false because White had not yet pled or been sentenced for aggravated robbery.

The trial court found that White was not convicted of aggravated robbery as he had testified, but there was no evidence to suggest that the statement by White was perjured or the result of a conspiracy between the prosecutor, Sam Pope, and White. The trial court determined that there was a plea agreement pending between Pope and White in which White would plead guilty to aggravated robbery and the prosecutor would recommend a 12 year sentence in exchange. The plea was postponed until after White testified truthfully at Stephens' trial, however, the prosecutor forgot about the plea until White filed a motion to dismiss for lack of speedy trial. The court specifically found that Stephens "has failed to meet his burden of proof . . . the Petitioner has failed to show how this error . . . was so serious that [counsel] was not functioning as counsel guaranteed by the Sixth Amendment; nor has Petitioner showed that this error resulted in prejudice so severe that Petitioner was deprived of a fair trial or that, but for counsel's conduct, there was a reasonable probability that the outcome would have been different." We will reverse the denial of a Rule 37 petition if the pertinent findings of the trial court are clearly erroneous. *Campbell* v. *State*, 283 Ark. 12, 670 S.W.2d 800 (1984).

Stephens argues his trial attorney was ineffective in failing to reveal the false testimony and this failure affected the outcome of the trial. The standard for determining ineffective assistance of counsel was established in *Strickland* v. *Washington*, 466 U.S. 668 (1984). Stephens must show that counsel's performance was deficient and that counsel made such a serious error that he was not performing as counsel guaranteed by the sixth amendment to the United States Constitution. In sum, counsel's deficient performance must prejudice Stephens' case to the extent that he did not receive a fair trial and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Crockett* v. *State*, 282 Ark. 582, 669 S.W.2d 896 (1984).

Stephens' attorney may not have known the testimony was false. Pope testified that Stephens' attorney was aware there was a plea bargain but was not aware of the details. The attorney asked White questions trying to get to the plea agreement, but his questions did not reach the issue. Normally, the questions an attorney asks a witness are a matter of trial strategy and not grounds for Rule 37 relief. *Hayes* v. *State*, 280 Ark. 509, 660 S.W.2d 648 (1983). Failure to pursue questioning on White's plea agreements was not such a serious error as to have deprived Stephens of a fair trial, nor is there a reasonable probability that the outcome of the trial would have been different had White been fully cross-examined. Stephens was convicted on the testimony of White and another accomplice, McCarty. When Stephens was arrested in California, he was in possession of items taken from the robbery. Stephens was sentenced as an habitual offender with three previous felony convictions. The sentences Stephens received were well within the range of punishment for the offense charged and were reasonable. *Stephens* v. *State, supra*. We do not see that Stephens' attorney's actions affected the outcome of the trial.

Stephens argues since the state's case against him consisted of White and his credibility and he did not take the stand nor put on any evidence, his attorney was ineffective in failing to attack White's testimony. This argument is a challenge to White's credibility which is not a ground for collateral attack on a judgment under A.R.Cr.P. Rule 37. *Gunn* v. *State*, 291 Ark. 548, 726 S.W.2d 279 (1987).

Stephens also questions the sufficiency of the evidence as he claims the state's case was dependent on White's testimony since none of the victims or witnesses at the scene saw anyone except White and Williams. A challenge to the sufficiency of the evidence is not permissible for post conviction relief. *Gunn* v. *State, supra*; *Sanchez* v. *State*, 290 Ark. 39, 716 S.W.2d 747 (1986). A petitioner cannot question the weight and sufficiency of the evidence under Rule 37 by framing his question as an allegation of ineffective assistance of counsel. *Gunn* v. *State, supra*.

Lastly, Stephens alleges the state knowingly used false testimony. In *Napue* v. *Illinois*, 360 U.S. 264 (1959), the United States Supreme Court held the failure of the prosecutor to correct the testimony which he knew to be false denied the petitioner due process of law. The state may not knowingly use false testimony to obtain a conviction even when the testimony goes to the witness' credibility.

The record in this case does not support a claim that the state knowingly used false testimony. White testified at the evidentiary hearing that the prosecutor instructed him to state he was serving a 12 year sentence if the subject came up at Stephens' trial. On cross-examination, White stated he did not recall the exact conversation with Mr. Pope. "I'm not sure I didn't invent that to justify my own actions." The prosecutor, Sam Pope, testified that he told White to tell the truth; he did not tell White what to say. Pope further testified that White's statement slipped by him at trial because he was caught up with what was going on. However, he believes the statement was basically true and not perjured.

The trial court found there was no conspiracy against Stephens by White and Pope. There is no evidence in the record to show that the trial court was wrong. It is a question of credibility between Pope and White and the trial court is in the best position to judge credibility. *McDaniel* v. *State*, 291 Ark. 596, 726 S.W.2d 679 (1987).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The appellant was convicted of aggravated robbery and manslaughter primarily

upon the testimony of one Samuel White. The appellant did not testify. No other witness placed the appellant at the crime scene. There is no doubt that Samuel White and William McCarty actually committed the crime. One of their accomplices was killed by a relative of the victim, during the robbery. Two witnesses to the crime described White as the leader of the band. The prosecutor negotiated an agreement with White, whereby White would testify against the appellant at appellant's trial in return for the prosecutor's acceptance of a guilty plea and a five year sentence on manslaughter and, after his testimony at the appellant's trial, a guilty plea with a twelve year sentence on the aggravated robbery charge. The five year sentence was imposed prior to appellant's trial; however, the twelve year sentence was forgotten about until it was too late to impose a penalty. The result is that White served not one day for, nor was he ever convicted of, nor did he enter a guilty plea to, the crime of aggravated robbery.

During appellant's trial White appeared as a witness for the state and testified that he had received a twelve year sentence for the aggravated robbery and that he was serving the time. Defense counsel apparently did not know that White had, in fact, not been sentenced and had not entered a guilty plea to the aggravated robbery charge. However, he could have walked across the hall and looked at the docket sheet and found that White had not been sentenced. The failure to discover this information, coupled with the perjured testimony of White, who was the state's chief witness, denied the appellant a fair trial.

It is no secret that the state frequently holds a sentence over an informer's head to insure his cooperation during the trial of another person. Such tactics are not illegal, but I do believe that in order to insure a fair trial the jury should know the pressure that is being brought to bear on the state's witness. It seems very obvious that had the jury been informed that Samuel White was lying to them and that he had a secret agreement with the prosecutor to enter a sentence later, the jury may well have not given the sentence it did. At least with respect to the sentence imposed, it is my opinion that counsel's performance prejudiced the appellant's case to the extent that he did not receive a fair trial and that there is certainly a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Crockett* v.

*State*, 282 Ark. 582, 669 S.W.2d 896 (1984); and *Strickland* v. *Washington*, 466 U.S. 668 (1984). See also *Blackmon* v. *State*, 274 Ark. 202, 623 S.W.2d 184 (1981). The jury certainly was under a false impression that White was serving time for aggravated robbery. In fact, he never served a day for this particular aggravated robbery.

In the state's closing argument the prosecutor asserted that two other persons had fessed up to the truth and were serving their time. This simply was not the truth and in my opinion constituted prejudicial error. Even though the prosecutor may have honestly forgotten about his agreement with White until it was brought to his attention a year later, it is nevertheless a fact that the jury did not learn that the state's key witness was lying to them. The prosecutor candidly admitted that it is possible he made the agreement as stated by White, but he did not remember it at the time of the hearing on the Rule 37 petition. It matters not whether the prosecutor remembered or whether he intentionally participated in misleading the jury, the result to the appellant is the same. He did not have a fair trial.

I would reverse and remand with instructions to grant the petition for a new trial.