Santiago SANCHEZ *v.* STATE of Arkansas

CR 87-156                                    756 S.W.2d 452

Supreme Court of Arkansas
Opinion delivered September 12, 1988

*Pruitt & Hodnett*, by: *Roger T. Jeremiah*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Santiago Sanchez, appeals from a denial of post-conviction relief. His conviction of possession of methamphetamine with intent to deliver and sentence, as an habitual offender, to 35 years imprisonment were affirmed. *Sanchez* v. *State*, 288 Ark. 513, 707 S.W.2d 310 (1986). We granted permission to file a petition for

post-conviction relief to determine the merits of Sanchez's claim that the lawyer who represented him was rendered ineffective by a conflict of interests and whether Sanchez suffered specific prejudice as a result of the alleged conflict. *Sanchez* v. *State*, 290 Ark. 39, 716 S.W.2d 747 (1986). The trial court found no prejudice. We affirm the denial of post-conviction relief.

In the direct appeal of the conviction, we found the evidence sufficient to show that Sanchez was found with Bernie Netz in the apartment of Toni Needham "surrounded" by drug paraphernalia, including vessels containing methamphetamine. In a coat lying on the bed was a pistol with bullets and a syringe in a plastic bag. Another gun was found on Sanchez's person. Another man, named Piercefield, was tried and convicted with Sanchez. Piercefield's conviction was reversed and dismissed for lack of substantial evidence. Needham and Netz pleaded guilty in separate proceedings.

The trial court found that the lawyer who represented Sanchez, Garner Taylor, Jr., was charged with assault during the entire time he represented Sanchez. The charge against Taylor was being pursued by the same prosecutor and in the same court as the charge against Sanchez. Shortly after Sanchez was convicted, counsel for Taylor negotiated a reduction in the degree of the assault charge from felony to misdemeanor, and Taylor pleaded guilty and was fined $1000 and placed on probation for one year. Sanchez contends Taylor could not have given Sanchez his full allegiance while Taylor was thus seeking relief from the very prosecutor who was his adversary in Sanchez's case.

Sanchez argues his conviction must be vacated because he has been denied effective assistance of counsel to which he is entitled under the Sixth Amendment to the United States Constitution. He contends he is entitled to relief due to Taylor's conflict of interests, regardless of prejudice. Alternatively he contends that, if we conclude a finding of prejudice resulting from the conflict is necessary to grant him relief, the trial court erred in finding that no prejudice occurred.

### 1. Conflict and ineffective assistance

The Supreme Court's decision in *Cuyler* v. *Sullivan*, 446 U.S. 335 (1980), defined the issue which arises when a Sixth

Amendment claim of ineffective assistance of counsel is based on an allegation of counsel's conflict of interests. The issue is whether counsel actively represented conflicting interests which "actually affected the adequacy of his representation." 446 U.S. at 349. In such instances, the court said, the defendant need not demonstrate prejudice in order to obtain relief. The *Cuyler* case was a typical conflict of interests instance of counsel representing multiple defendants in a common trial. We can understand how, for example, failure to cross examine a co-defendant for fear of exposing a fact which might be helpful to another co-defendant amounts to an "actual" effect on counsel's representation which might or might not be prejudicial to the latter co-defendant.

The first appellate decision in the *Cuyler* case was made by the United States Court of Appeals for the Third Circuit. Sanchez asks us to follow another case from that court, *United States* v. *DeFalco*, 644 F.2d 132 (3rd Cir. 1980), which was remarkably similar to this one. The *DeFalco* case was decided some five months before the Supreme Court decided the *Cuyler* case. In writing the plurality opinion, which was one of six separate opinions in the *DeFalco* case, Judge Aldisert thus did not have the advantage of the ruling of the Supreme Court in the *Cuyler* case. He concluded that where there is a conflict of interests, caused by counsel being under indictment in the same court with the same prosecutor, a defendant should not be required to prove prejudice to his case resulting from the conflict because of the difficulty of showing what counsel did *not* do as a result of the conflict.

The standard adopted in the *Cuyler* case, which was repeated in *obiter dicta* in *Strickland* v. *Washington*, 466 U.S. 668 (1984), although developed in multiple representation cases, could have been applied in the *DeFalco* case and can be applied here. It is not the conflict of interests which requires relief under the Sixth Amendment; rather, it is the conflict of interests when coupled with "active representation" of conflicting interests which "actually affects" counsel's adequacy.

We remanded this case, as noted above, for a determination whether the conflict existed and whether "prejudice" could be shown. We now recognize that prejudice would be irrelevant if it could be shown that Taylor's conflict of interest had

any actual effect whatever on his representation of Sanchez. However, no harm has been done, as the record has been developed fully with respect to any complaints Sanchez had against Taylor's representation of him, and we find no evidence that Taylor was in any way affected by the charge against him in his representation of Sanchez.

## 2. The evidence

At the hearing held upon remand, Sanchez testified that he did not know Taylor was charged with a felony during the time Sanchez was represented by him. He said he felt Taylor's performance was inadequate in several respects, and the instances he recited are the ones argued by counsel in this appeal as having resulted in prejudice to Sanchez's case. The trial judge, however, found no prejudice in any of them.

The trial judge's order denying post-conviction relief stated that he did not believe Sanchez's statement that he did not know of the charge against Taylor until after the trial. Taylor testified at the hearing that he had informed Sanchez of the charge because he felt he was entitled to know. The judge found further that Taylor had not permitted error by failure to move to sever Sanchez's case from those of co-defendants because no sufficient ground for severance existed. He found that it was not a mistake for Taylor to have permitted introduction of guns and ammunition found on or near Sanchez and the amphetamine at the time of his arrest because Taylor had previously moved unsuccessfully to suppress them, and the point was not even raised by separate appellate counsel on direct appeal.

The court found further that Sanchez had provided no information as to the probable testimony of Needham and Netz who, he said, should have been called to testify on his behalf. Taylor testified he interviewed the witnesses, and their testimony would have been unfavorable. Lastly, the court found that Sanchez's complaint that Taylor should not have permitted a statement of a co-defendant to come into evidence could not be substantiated as Sanchez was not mentioned in the statement, and he had no standing to object on behalf of his co-defendant.

Nothing in the record before us suggests that Taylor did anything or failed to do anything with respect to Sanchez's case

on account of Taylor's having been charged with a felony during the time he represented Sanchez. Not only was Taylor not involved in actively representing his own interest which may have conflicted with those of Sanchez, but the record does not show his representation was "actually affected" by it.

Affirmed.