Wayne DUMOND *v.* STATE of Arkansas

CR 86-50                                        759 S.W.2d 36

Supreme Court of Arkansas
Opinion delivered October 31, 1988

*Hall & Vaught*, by: *John Wesley Hall, Jr.*, for petitioner.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for respondent.

PER CURIAM. In January 1988 we remanded this case to the trial court for an evidentiary hearing on an issue raised by petitioner under Criminal Procedure Rule 37. *Dumond* v. *State*, 294 Ark. 379, 743 S.W.2d 779 (1988). The hearing was limited to petitioner's allegation that his counsel on appeal was ineffective for not supplementing the record on appeal to show that a timely motion for mistrial had been made in regard to an undisclosed fingerprint report. The petitioner alleged that the motion for mistrial was made during an off-the-record conference in chambers. We remanded the case to the trial court to supplement the record with the off-the-record conference. The evidentiary hearing was held on May 19, 1988, and the record of that hearing was lodged with this court, but the trial judge who conducted the hearing did not make findings of fact with respect to the hearing. We again remanded the matter to the trial court since the clearly conflicting testimony of the witnesses at the hearing as to what occurred required findings of fact from the court. The findings have been rendered and are now before us.

After hearing and assessing the testimony adduced at the hearing, the court found that the attorneys for the state and defense engaged in an informal discussion of the circumstances surrounding the fingerprint report and that neither a motion for mistrial was made nor any ruling made by the trial court on a material matter which was not made a part of the record.

This court recognizes that it is the trial court's task to assess the credibility of witnesses and resolve conflicts of fact. *McDaniel* v. *State*, 291 Ark. 596, 726 S.W.2d 679 (1987); *Huff* v. *State*, 289 Ark. 404, 711 S.W.2d 801 (1986). As there was ample evidence from which the trial court could have concluded that there was no off-the-record motion for mistrial, counsel on appeal could not have been ineffective in failing to move to supplement the record to show a timely motion for mistrial. Petitioner has not shown that he is entitled to any relief pursuant to Criminal Procedure Rule 37. Accordingly, his petition is denied.

■   In a related matter, petitioner has requested permission to file a brief on the issues raised in the hearing on remand. As noted when we remanded this case for findings of fact, the request was extraordinary in a Rule 37 case and, moreover, premature since the findings of fact had not yet been entered. In light of the trial court's findings, the request is moot.

Petition denied.