974 F.2d 1339
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Alan MILLER, Defendant-Appellant.
 No. 91-6465.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Stephen Alan Miller appeals the order of the District Court committing him to the custody of the United States Attorney General for hospitalization pursuant to 18 U.S.C. § 4241(d). For the following reasons, we AFFIRM.
 
 I.
 
 2
 Defendant was charged in a six-count indictment with conspiracy to distribute marijuana, possession with intent to distribute marijuana, use of a firearm during a drug trafficking offense, and possession of a firearm by a convicted felon. Defendant's court-appointed attorney filed a notice of an insanity defense and a motion for a psychological/psychiatric examination. On July 15, 1991, the District Court ordered that defendant be transported to a federal corrections facility for a psychiatric evaluation.
 
 
 3
 Defendant argues that these actions by his counsel were against his express wishes. On July 22, 1991, defendant filed pro se a motion for the District Court to reconsider its order. The District Court denied this motion. Defendant filed pro se another motion requesting that new counsel be appointed to represent him. This motion was granted on November 19, 1991. On November 18, 1991, the psychiatric evaluation was filed with the District Court. The evaluation suggested that defendant was incompetent to stand trial. On November 22, 1991, the District Court held a competency hearing. Based on this hearing, the District Court ordered defendant committed pursuant to 18 U.S.C. § 4241(d). The District Court also denied defendant's motion for a psychiatric examination by a doctor not employed by the United States.
 
 
 4
 Defendant raises the following issues on appeal: 1) the motion for psychiatric examination filed by his first attorney was invalid because defendant objected to the motion; 2) his commitment was invalid because the District Court refused to grant an examination by an independent psychiatrist; 3) his hearing violated due process because his attorney had only three days to prepare; and 4) there was insufficient evidence to support his commitment.
 
 II.
 
 5
 Defendant argues that his commitment is invalid because the motion for a psychological/psychiatric examination was filed by his counsel despite defendant's express objections. At defendant's arraignment on June 27, 1991, his counsel, William Carter, orally requested a psychological/psychiatric examination of defendant and told the District Court that he intended to file a written motion. The District Court told defendant that Mr. Carter intended to seek an examination because he believed that it would protect defendant's rights to seek such an examination. Defendant stated that he understood that this would be done to protect his rights, and he did not object at this time to such an examination. On July 15, 1991, the District Court ordered that defendant be transferred to receive a psychological/psychiatric evaluation. On July 22, 1991, defendant filed a motion requesting that the District Court reconsider its order.
 
 
 6
 We believe that the fact that defendant's counsel requested the psychological/psychiatric evaluation does not invalidate the competency proceedings in this case. Failure of counsel to request a competency hearing where there is substantial doubt about defendant's competence may constitute ineffective assistance of counsel. Campbell v. Lockhart, 789 F.2d 644 (8th Cir.1986). Further, we believe that section 4241, which provides "defendant ... may file a motion for a hearing to determine the mental competency of the defendant" should be interpreted to include defendant's counsel because a defendant acts through his counsel in such proceedings. A defendant may not recognize that he lacks competence to stand trial and would not raise the motion for a competency hearing on his own. It therefore would be necessary for defendant's counsel to raise the motion. Accordingly, we find that Mr. Carter's motion for a psychological/psychiatric examination was valid.
 
 
 7
 Defendant also argues that his commitment is invalid because the District Court refused to grant an independent psychiatric examination. 18 U.S.C. § 4247(b) provides that a psychiatric or psychological examination ordered pursuant to a section 4241 commitment proceeding shall be conducted by one examiner designated by the court unless the court finds it appropriate to use more than one examiner. The psychiatric evaluation indicates that defendant was evaluated by a team rather than only one person and that defendant's diagnosis was made by the team. The appointment of an additional psychiatrist or psychologist is within the discretion of the District Court, and we find that the District Court did not abuse its discretion in denying an evaluation by an additional examiner selected by defendant.
 
 
 8
 Defendant argues that his due process rights were violated because his second attorney was appointed only three days prior to the competency hearing and did not have adequate time to prepare. Defendant's new counsel, Kenneth Starr, told the District Court at the beginning of the competency hearing that the only information he had been provided was the psychiatric evaluation. He did not request a continuance of the hearing. Mr. Starr informed the District Court that because defendant had more knowledge of the case, he wished to cross-examine the witnesses. The District Court stated that defendant would not be permitted to conduct the cross-examination. Mr. Starr thoroughly cross-examined Pamela Hazelrigg, a psychologist associate with the Federal Correctional Institution at Butner, North Carolina who prepared a psychiatric evaluation of defendant and testified as to defendant's competence. Defendant also testified in his own behalf. We find that defendant was not prejudiced by the fact that his counsel had only three days to prepare for the hearing, and shall not reverse the District Court on this basis.
 
 
 9
 Defendant argues that there is insufficient evidence to support the commitment order. The standard for competency is whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402 (1960). The psychiatric evaluation was admitted into evidence, and Ms. Hazelrigg testified as to her evaluation of defendant. Ms. Hazelrigg testified that defendant was suffering from a delusional disorder which caused defendant to believe that a conspiracy against him was being perpetrated by high government officials. She testified that although defendant understood the facts of the charges against him, he had grandiose delusions which severely limited his ability to work with counsel in the preparation and presentation of his defense. The evaluation judged that defendant believed that his actions were justified by the ethical responsibility to save the United States from political corruption and therefore defendant lacked substantial capacity to appreciate the wrongfulness of his actions. We have reviewed the evaluation and Ms. Hazelrigg's testimony, and find there is sufficient evidence to support the District Court's order of commitment.
 
 
 10
 Although subsequent developments in this case are not before us in the present appeal from the original commitment order, we are concerned about the inordinate delays that have occurred subsequently. After receiving psychiatric reports that defendant was incompetent at the time of the commission of the indicted offenses, the government moved to dismiss the indictment. The District Court then issued a second commitment order under section 4246 for an evaluation to determine whether defendant is a risk to society, required before the District Court can determine whether defendant should be released. Defendant has been confined under that order since April, 1992. No appeal was taken from that order. Defendant has filed a petition for a writ of habeas corpus in the United States District Court in Missouri, where he is confined. We trust that the District Court will do all it can to expedite this matter.
 
 
 11
 The District Court is AFFIRMED in all respects regarding defendant's initial commitment.